**In re Stephen L. SCHWARTZ, Debtor.**

**Bankruptcy No. 2–82–01124.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Aug. 17, 1982.

David C. Lasky, Columbus, Ohio, for debtor.

## MEMORANDUM DECISION and ORDER DENYING APPLICATION AND MOTION UNDER 11 U.S.C. § 522(f)

D.J. KELLEHER, Bankruptcy Judge.

This case is before the Court for consideration of an Application to Avoid Lien and a Motion to Avoid Lien, both filed herein by counsel for the debtor ostensibly pursuant to 11 U.S.C. § 522(f). Both pleadings seek orders avoiding liens, the first addressed to a lien described as a "nonpurchase-money security interest" and the second addressed to a "judicial lien" which, according to debtor's counsel, are both held by Sears, Roebuck and Company [Sears].

Counsel for the debtor has certified service of each pleading upon Sears along with notice that he would present proposed orders granting the relief requested unless within twenty days after such notice Sears filed a memorandum in opposition and a request for hearing. Sears did not timely file an opposing memorandum or a request for hearing with respect to either the application or the motion, nor has Sears taken any other step in response to debtor's attempts to avoid its liens. Debtor's counsel submitted a proposed "Entry Avoiding Lien" which would have the Court find that " * * * said lien is a judicial lien encumbering Debtor(s)' [sic] residential real estate and impairing Debtors' [sic] exemption therein, and that said lien should be avoided pursuant to 11 U.S.C. § 522(f)(1)." Debtor's counsel has not submitted any proposed order with respect to the alleged "nonpurchase-money security interest" in household goods.

Notwithstanding absence of objection by Sears, the Court concludes that neither the application nor the motion should be granted.

Regarding the application, debtor's counsel in his memorandum asserts that Sears' "lien is a nonpossessory, nonpurchase-money security interest in property described in Section 522(f)(2)(A) and impairs an exemption of the debtor." This assertion that Sears holds a *nonpurchase*-money security interest is not supported or explained in any manner. It is also contrary to common experience to accept, absent supporting documents, that Sears, which is reputed to be one of the largest retailers in the world, has in this situation engaged in nonpurchase-money financing.

Review of the debtor's schedules of creditors discloses that only one debt is listed owing to Sears, that being in the amount of $484.00 and being further there described as "washer & dryer & judgment lien on real estate" [Schedule A–2 filed with debtor's petition on March 25, 1982]. Thus, it is probable that this debtor purchased a washer and dryer from Sears on credit and, contrary to the unsupported assertion of debtor's counsel, it is likely that Sears holds a purchase-money security interest therein. However, 11 U.S.C. § 522(f)(2)(A) applies only to "nonpossessory, nonpurchase-money" security interests, not to purchase-money liens. Therefore, Section 522(f) may not be used by this debtor against Sears to avoid its security interest in his washer and dryer.

Regarding debtor's other pleading [the motion], debtor's counsel in his memorandum asserts that Sears' "lien is a judicial lien which impairs Debtor(s) [sic] exemption in Debtor(s)' [sic] residential real estate and may be avoided pursuant to § 522(f) * *." This assertion that Sears' judicial lien *impairs* debtor's residential real estate exemption is neither supported nor explained.

The Court has carefully examined 11 U.S.C. § 522(b)(2)(A) which enables the debtor to claim exempt from his bankruptcy estate "any property that is exempt under * * * State or local law that is applicable * * *;" and has examined § 2329.-66(A)(1), Ohio Revised Code, under which

he claimed exempt from his estate his interest in his residential real estate. Giving due regard also to 11 U.S.C. § 522(c) and to § 2329.661, O.R.C., it appears that debtor's exemption for residential real estate will prevail over Sears' judgment lien and should be recognized and paid ahead of that lien from the proceeds of any future judicial sale of the debtor's real estate. Consequently, it would not seem that debtor's exemption claim is presently impaired in any way by Sears' judicial lien. Therefore, Section 522(f) may not be used by this debtor against Sears to avoid its judicial lien against his real estate.

Based upon the foregoing, it is

ORDERED that debtor's Application to Avoid Lien filed March 25, 1982 and debtor's Motion to Avoid Lien filed March 30, 1982 be and they hereby are denied.