

K. Clarke Fahnenbruck, Columbus, Ohio, for debtor.

Richard D. Palmer, Columbus, Ohio, for David and Patricia Kershaw.

Jack R. Graf, Jr., Columbus, Ohio, for Graf & Sons, Inc.

**In re Frederick GREENHILL DBA R.F. Greenhill Builders, Debtor.**

**Bankruptcy No. 2–82–01744.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 27, 1982.

### ORDER UPON MOTION FOR SUMMARY JUDGMENT

D.J. KELLEHER, Bankruptcy Judge.

On June 17, 1982 nine applications were filed on behalf of the above captioned debtor pursuant to 11 U.S.C. § 522(f) to avoid certain judicial liens upon the debtor's exempted residential real estate. The judgment liens are purportedly held by David and Patricia Kershaw, Busy Beaver Building Centers, Buckeye Employees Credit Union, Gene P. Humphrey dba Humphrey & Sons Excavating, Morris Sheet Metal, Inc., C.W. Miller Company, Architectural Hardware, Inc., The Ohio Bureau of Employment Services, and Graf & Sons, Inc. On that same date, a tenth application was also filed on behalf of the debtor to avoid a nonpossessory, nonpurchase-money security interest purportedly held by Buckeye Em-

ployees Credit Union in a 1976 Honda 100 Trail Bike.

Memoranda in opposition to two of the applications were filed on behalf of Graf & Sons, Inc. and David and Patricia Kershaw. In response to these memoranda, and because of its own concerns, the Court scheduled a hearing for September 29, 1982 upon all of the above referenced applications.

On September 14, 1982 a single Motion for Summary Judgment on Applications to Avoid Liens was filed on behalf of the debtor. Therein, counsel for the debtor, on behalf of her client, requested that " * * * the Court . . . enter summary judgment for the Debtor in accordance with the provisions of Rule 56, Federal Rules of Civil Procedure, on the ground that . . . there is no genuine issue as to any material fact, and that Debtor is entitled to avoidance of said liens as a matter of law * * *." A Memorandum Contra Motion for Summary Judgment has been filed by counsel for Graf & Sons, Inc.

Rule 56 of the Federal Rules of Civil Procedure is applicable to contested matters in bankruptcy cases by virtue of Rules 756 and 914 of the Rules of Bankruptcy Procedure. Pertinent to the matter before the Court now is Rule 56(c) which states in part that, upon a motion for summary judgment:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court agrees with debtor's counsel that no genuine issue as to any material fact exists with respect to these applications to avoid the judicial liens on residential real estate and the nonpossessory, nonpurchase-money security interest in the 1976 Honda 100 Trail Bike. However, for the reasons set forth below, the Court concludes that the debtor is not entitled to judgment as a matter of law, and therefore, declines to grant summary judgment in his favor.

■  Pursuant to 11 U.S.C. § 522(f)(1) a debtor may avoid a judicial lien " * * * to the extent that such lien impairs an exemption * * *." However, in the case of *In re Stephen L. Schwartz,* Case No. 2–82–01124, 27 B.R. 195 (S.D.Ohio), this Court held that under Ohio law a judicial lien does not impair a debtor's claim of exemption in residential real estate because a " * * * debtor's exemption for residential real estate will prevail over (a creditor's) judgment lien and should be recognized and paid ahead of that lien from the proceeds of any future judicial sale of the debtor's real estate." *Schwartz,* supra, at p. 197. Therefore, there being no impairment of an exemption, 11 U.S.C. § 522(f)(1) may not be used to avoid judicial liens upon a debtor's residential real estate. Thus, the debtor is not entitled to judgment as a matter of law with respect to the applications to avoid judicial liens.

■  The debtor is also not entitled to judgment as a matter of law with respect to the application to avoid the nonpossessory, nonpurchase-money security interest in the 1976 Honda 100 Trail Bike. To the extent that it impairs an exemption a debtor is permitted under 11 U.S.C. § 522(f)(2) to avoid:

> "(2) a nonpossessory, nonpurchase-money security interest in any—
>
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>
> (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>
> (C) professionally prescribed health aids for the debtor or a dependent of the debtor."

A 1976 Honda 100 Trail Bike does not fit within any of the categories of collateral contained in 11 U.S.C. § 522(f)(2)(A), (B), and (C). Thus, as a matter of law, the

debtor may not use 11 U.S.C. § 522(f) to avoid the nonpossessory, nonpurchase-money security interest of Buckeye Employees Credit Union in his 1976 Honda 100 Trail Bike.

Having determined that the debtor is not entitled to summary judgment, the Court is drawn to the following language found in 6 Moore's Federal Practice ¶ 56.12 (2d Ed. 1982):

"If either the proponent of the claim or the defending party moves for a summary judgment, and the court finds that the moving party is not entitled thereto, but that the other party is so entitled, it would seem that the court has the power to enter the proper judgment, although a cross-motion therefor was not made. * * The theory is that the form of the pleadings should not place a limitation upon the power of the court to do justice. So where one party has invoked the power of the court to render a summary judgment against his adversary, it is reasonable that this invocation gives the court power to render a summary judgment for his adversary if it is clear that the case warrants that result."

Based upon the foregoing, it is the Court's opinion that the case now before it warrants the exercise of its power to render summary judgment in favor of those entities and individuals named above against whom lien avoidance applications were filed. See *Morrissey v. Curran*, 423 F.2d 393 (2d Cir.1970), cert. den. 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 (1970).

Wherefore, it is ORDERED that the motion for summary judgment filed on behalf of the debtor be, and it hereby is, DENIED; and it is further ORDERED that summary judgment be granted against the debtor upon his ten applications to avoid liens and in favor of David and Patricia Kershaw, Busy Beaver Building Centers, Buckeye Employees Credit Union [two applications], Gene P. Humphrey dba Humphrey & Sons Excavating, Morris Sheet Metal, Inc., C.W. Miller Company, Architectural Hardware, Inc., The Ohio Bureau of Employment Services, and Graf & Sons, Inc.; and it is fur-ther ORDERED that the hearing date previously set for this matter by the Court be, and it hereby is, VACATED.