**CHRYSLER CREDIT CORPORATION,**
**Plaintiff,**

v.

**Crandall Gale BRANNON, Defendant.**

**In the Matter of Crandall Gale**
**BRANNON, Debtor.**

**Bankruptcy No. 3–82–01121.**
**Adv. Nos. 3–82–0385, 3–82–0388.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 5, 1983.

Lloyd D. Cohen, Dayton, Ohio, for defendant/debtor.

James R. Levinson, Dayton, Ohio, for plaintiff.

John T. Ducker, Dayton, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court for disposition of Plaintiff's complaint seeking to have its claim against the above-named Debtor determined nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The Court held a pretrial conference on July 21, 1982. The parties subsequently submitted a joint Pretrial Order and supplemental Pretrial Order to the Court. On November 10, 1982, the matter was tried before the Court, and the parties subsequently submitted briefs. While the case was pending, however, a second adversary complaint (Adv. No. 3–82–0388) was filed. That complaint sought to avoid Plaintiff's certificates of judgment arising from the two state court decisions that precipitated the present cause of action. By agreement of the attorneys and approval of the Court, a motion to consolidate this adversary with the present case was approved by the Court. The following decision is based upon the Pretrial Order, the pleadings, stipulations and evidence adduced at trial. The Court also takes judicial notice of the record in Debtor's case file.

### FINDINGS OF FACT

On October 31, 1980, Defendant, Crandall Gale Brannon, filed a civil action against Plaintiff, Chrysler Credit Corporation, in the Common Pleas Court of Montgomery County, Case No. 80–2914. Prior to the trial, scheduled for August 27, 1981, Plaintiff and Defendant, through counsel, entered into a settlement agreement. As per the terms of the agreement, Plaintiff agreed to pay the sum of twenty-five hundred dollars ($2,500.00) to Debtor. In exchange, Debtor agreed to endorse and present to Plaintiff, Workers' Compensation checks, issued by the State of Ohio, in the sum of thirty-two hundred dollars ($3,200.00). Upon consummation of the agreement, both parties agreed to execute a mutual release of claims and to enter a dismissal entry with prejudice.

At the time of the agreement, the Workers' Compensation checks contemplated by the parties had become stale. As a result, new checks were to be issued by the state and then endorsed over to Plaintiff. In this regard, Plaintiff agreed to pay the sum of $2,500.00 only *after* Debtor had endorsed these "new" checks to Plaintiff.

On October 14, 1981, the new Workers' Compensation checks were issued by the state, payable to the order of Crandall Gale Brannon. These checks were originally sent to Plaintiff's home office and then forwarded to Brannon. On October 23, 1981, Debtor negotiated these checks to himself and retained the proceeds for his personal use and benefit. On November 15, 1981, Debtor represented to his attorney that he neither cashed nor ever received any of the "future" Workers' Compensation checks contemplated by the parties in the settlement agreement. As a consequence, and in order to receive payment from Plaintiff under the terms of the agreement, Debtor executed a power of attorney granting his attorney the authority to endorse any "future" Workers' Compensation checks.

The testimony of the Debtor, substantiated by the evidence, demonstrated that there was justifiable confusion on the part of the Debtor as to which checks were under discussion, particularly in light of the fact that the checks in question were received directly from the office of Chrysler Credit Corporation.

In reliance upon Debtor's representation, evidenced by the execution of the power of attorney, Plaintiff, on November 18, 1981, endorsed a check to Debtor in the sum of twenty-five hundred dollars ($2,500.00).

Plaintiff subsequently found out that Debtor had negotiated the newly issued Workers' Compensation checks to himself. Plaintiff therefore made repeated demands to Debtor to turn the proceeds over to Plaintiff. When Debtor did not comply, Plaintiff filed suit (Case No. 81–3393, in Common Pleas Court, Montgomery County, Ohio, December 16, 1981) claiming breach of the settlement contract as a result of false representation and fraud. On February 22, 1982, the Common Pleas Court entered a default judgment in favor of the Plaintiff and awarded compensatory damages in the amount of $3,238.78. On March 15, 1982, the state court further found in a default entry that Debtor acted maliciously and with willful and deliberate intent to defraud Plaintiff. As a result, the court awarded $2,500.00 in punitive damages and $688.00 for attorney's fees. A certificate of judgment was filed for both awards.

## DECISION AND ORDER

The issue now before the Court is whether the state court money judgments, aggregating $6,426.78, are properly dischargeable or expected under 11 U.S.C. § 523(a)(2)(A). Plaintiff contends that the debt is nondischargeable pursuant to the exception to dischargeability of debts incurred by a debtor's "false pretenses, false representations or actual fraud."

An initial question before the Court is the effect of the prepetition state court decisions. The United States Constitution requires the courts of the United States to accord full faith and credit to valid state court judgments. *U.S. Const. Art. 4 § 1.* Once a record has been judicially noticed, however, the issue then becomes whether Debtor's conduct falls within a category of conduct defined by federal law, specifically fraud under 11 U.S.C. § 523(a)(2)(A). In this regard, it must be noted that the state court judgments and pleadings do not provide this Court with a determination of the issue of 11 U.S.C. § 523(a)(2)(A) fraud, but, rather are only of evidentiary value in this Court's *de novo* inquiry into the issue of alleged fraudulent conduct. See this Court's opinion in *In the Matter of Day,* 4 B.R. 750 (S.D.Ohio 1980); *Cumis Insurance Company v. Sneed (In re Sneed),* 13 B.R. 151 (Bkrtcy.Ohio 1981). *See also Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The state court finding or judgment is nevertheless *res judicata* as to the monetary amount of that judgment. See this Court's opinion in *In the Matter of Paul Howard Draper,* 25 B.R. 518 (Bkrtcy. Ohio 1982).

With this in mind, this Court must now examine whether Debtor's actions fall within the ambit of 11 U.S.C. § 523(a)(2)(A). In this regard it has been stated,

that a type of fraud which will prevent a discharge of a debt in bankruptcy is that fraud committed through fraudulent misrepresentation of fact or by such conduct or artifice having fraudulent purpose as will throw a creditor off his guard and will cause him to omit any inquiry or examination which he would otherwise make. Thus, the fraud which will serve to except a debt from discharge is the type involving moral turpitude or intentional wrong, and there can be no mere imputation of bad faith on the part of the debtor. Similarly, false pretenses as contemplated under 11 U.S.C. § 523(a)(2) must also be a kind involving moral turpitude or intentional wrong, and fraud as implied in law would be insufficient to meet this standard. A false representation or misrepresentation must be established by a showing of fraudulent intent or reckless disregard for the truth tantamount to a willful misrepresentation in

order to bar discharge ... The terms false pretenses or false representations have also been deemed to include any conduct tantamount to fraud and have not been limited to false representations as to one's financial condition. [footnotes omitted]

1 A Bankruptcy Service, Lawyer Ed. § 7:109 at 104 (*quoted in* this Court's opinion in *In the Matter of Allen,* 25 B.R. 566 (Bkrtcy.Ohio 1982)).

■ In view of this statement and the evidence adduced in the instant case, this Court finds that Debtor's actions would not constitute actual fraud but rather false pretenses under 11 U.S.C. § 523(a)(2)(A). The Court's conclusion is supported by several findings:

1.) Debtor had failed to disclose to his attorney the fact that he had cashed the newly issued Workers' Compensation checks.

2.) Debtor failed to make this disclosure even though he knew that the settlement agreement had contemplated payment from "future" Workers' Compensation checks.

3.) Debtor was mislead as to what the term "future" meant under the agreement. Debtor, nevertheless, executed a power of attorney to endorse all "future" checks to Plaintiff.

4.) Debtor's execution of a power of attorney was a false representation that the "future" checks contemplated by the agreement had not yet been received.

It is, therefore, the specific finding of the Court that Debtor made false representations resulting in Plaintiff's endorsement of its settlement check to Debtor, and that such misrepresentations were sufficient to constitute false pretenses as contemplated by 11 U.S.C. § 523(a)(2)(A).

Since Debtor obtained Plaintiff's settlement check through deliberate false pretenses and misrepresentation, the Court finds that the Debtor is not discharged as to the state court judgment pertaining solely to damages for breach of the settlement agreement (Case No. 81–3368 Common Pleas Court, Montgomery County, February 22, 1982). As noted earlier, the state court judgment is *res judicata* as to the monetary amount of the judgment. Therefore, Debtor is still liable to Plaintiff in the amount of $3,238.78.

■ As to the state court judgment for punitive damages, the Court notes that under state law punitive damages lie only when there is a finding of actual malice. See *Pickle v. Swinehart,* 170 Ohio St. 441, 166 N.E.2d 227 (1960). *See generally* 30 O.Jur.3d Damages, §§ 155–56. In this case, Debtor's actions did not rise to the level of the malicious fraud contemplated by state law for punitive damages. As a result, it is the opinion of this Court that the state court judgment rendered by default and without evidentiary hearing and only for failure to appear and contest the issue, for punitive damages, is dischargeable and the certificate of judgment as to this award is avoidable by the Debtor pursuant to 11 U.S.C. § 522(f).

It is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff's claim upon the state court judgment pertaining solely to Debtor's breach of the settlement agreement in Case No. 81–3383 be deemed nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A), in the amount of that judgment.

It is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff's claim upon the state court judgment for punitive damages and attorney fees, be deemed dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), in the amount of that judgment.

It is further ORDERED, ADJUDGED AND DECREED that Debtor's claim to avoid Plaintiff's Certificate of Judgment in the state court judgment for punitive damages and attorney fees, be granted pursuant to 11 U.S.C. § 522(f).