**In re Charles & Carol MORELOCK, Debtors.**

**Charles Rease MORELOCK, et al., Plaintiffs,**

**v.**

**ALL–PHASE ELECTRIC SUPPLY CO., et al., Defendants.**

**Bankruptcy No. 83–0166.**
**Related Case: 82–01437.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 21, 1983.

Timothy C. Hamman, Lima, Ohio, for plaintiffs.

David A. Cheney, Lima, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion for Summary Judgment filed by the Plaintiffs-Debtors, and upon the Defendant's Motion for Summary Judgment filed in opposition to the Plaintiff's Motion.

The present case is an adversary proceeding filed by the Plaintiffs to avoid the Defendant's judicial lien on property which they have claimed as exempt. The Plaintiffs have also filed five other Complaints which seek to avoid different judgment liens on this same property. These cases include *Morelock v. Graybar Electric Co.,* Case No. 83–0167, *Morelock v. Gross Electric Co.,* Case No. 83–0168, *Morelock v. The Huntington National Bank,* 83–0169, *Morelock v. State of Ohio Department of Taxation,* Case No. 83–0170, and *Morelock v. Stanley Eugene Thomas,* Case No. 83–0171. Since the issues presented by each of these other cases are the same as the one at hand, this Court consolidated these cases for purposes of this Motion. Therefore, this decision will be dispositive of all of these actions.

## FACTS

The Debtors are the owners of a parcel of real property which is used as their residence. The Defendants in these cases each hold a judicial lien against this property. The land and house have been appraised as having a value of Forty-nine Thousand Five Hundred and no/100 Dollars ($49,500.00). Although the pleadings do not set forth the value of the liens, the Plaintiffs have conceded that the total amount owed exceeds the value of the property. The issue presented by these cases is whether or not the Plaintiffs may avoid the liens on property in which they have no equity.

## LAW

A review of the parties' briefs finds that result sought by both the Plaintiffs and the Defendants are not in conflict. The Plaintiffs are attempting to preserve their exemption in real estate under the authority of 11 U.S.C. § 522(f) which states in pertinent part:

"... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien..."

Under Ohio Revised Code § 2329.66(A)(1) a person may exempt:

"The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."

The Debtors have argued that they are entitled to their interest in the real estate despite the fact that they do not have any equity in the property. The Defendants have argued that while the Debtors are entitled to their exemption, they are not entitled to avoid enforcement of any lien which remains after the Debtors' exemption has been recognized. These positions do not appear to be in conflict, inasmuch as they both allow the Debtors to receive the value of their exemption.

It is well settled that the "debtor's interest", as it is referred to in 11 U.S.C. § 522(f), does not necessarily mean the debtor's equity. *In re Kursh,* 9 B.R. 801 (Bkrtcy.W.D.Mo.1981), *In re Van Gorkom,* 4 B.R. 689 (Bkrtcy.S.D.1980). It is also well settled that equity in property is not required in order for a debtor to claim that property as exempt and to avoid liens which impair the exemption. *In re Kursh,* supra, *In re Van Gorkom,* supra, *In re Mitchell,* 25 B.R. 406 (Bkrtcy.N.D.Ga.1982). However, if the value of the property exceeds the amount of the allowed exemption the lien remains valid and enforceable as to the excess. *In re Kursh,* supra, *In re Mitchell,* supra.

In the present case the amount of the liens is greater than the value of both the property and the Debtors' exemption. Consequently, the property is still subject to foreclosure for the amount in excess of the exemption. Since the Debtors' residential exemption prevails over the creditor's lien and would be paid ahead of the lien from the proceeds of any future judicial sale of the property, the lien may be avoided. However, it may only be avoided up to the amount of the allowed exemption. Therefore, the Debtors are entitled to claim their exemption from the proceeds of a sale and to avoid the liens on the proceeds up to the amount of their allowed exemption. *See, In re Hoffman,* 28 B.R. 503 (Bkrtcy.Md. 1983), *In re Schwartz,* 27 B.R. 195 (Bkrtcy. S.D.Ohio 1982), *In re Greenhill,* 27 B.R. 197 (Bkrtcy.S.D.Ohio 1982).

It should be noted that this decision does not conflict with the recent decision of *Giles v. Credithrift,* 717 F.2d 281 (6th Cir.1983). That decision held that where a state has precluded the use of the exemptions set forth in 11 U.S.C. § 522(d), it has also precluded the avoidance powers of 11 U.S.C. § 522(f) unless the state specifically allows for such avoidance. Ohio Revised Code § 2329.661(C) provides that:

"(C) Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby."

Although this statute prohibits the avoidance of consensual liens, it does, by omission, not preclude the avoidance of judicial liens. From the omission of judicial liens from the statute which addresses lien avoidance, this Court must hold that the legislature did not intend to prevent the avoidance of such liens. Since the liens in this case are judicial in nature, 11 U.S.C. § 522(f) would be available in Ohio to avoid judicial liens which impair an exemption.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Debtors be allowed their exemption and to avoid the Defendants' liens up to the value of the exemption.