**In re Edwin John SCHNABEL and Linda Faye Schnabel, Debtors.**

**Bankruptcy No. 83–00428.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 9, 1984.

Howard B. Hershman, Toledo, Ohio, for debtors.

David A. Zeitzheim, Oak Harbor, Ohio, Trustee.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Avoidance of Lien and the Objections thereto. The parties have agreed that the issues addressed by this

Motion are primarily issues of law which may be submitted to the Court in the form of written arguments. Each of the parties have filed such arguments and have had the opportunity to respond to the contentions made by opposing counsel. The Court has reviewed the record and for the following reasons finds that the lien should be AVOIDED.

## FACTS

Although the facts of this case are not clearly set forth in the pleadings, the parties appear to be in agreement as to the existence and sequence of events that are relevant to the issues raised by this Motion. The real estate in question is located in Lucas County, Ohio, and was once owned by Benjamin and Anna Perales. Although these parties were at one time husband and wife, they were divorced prior to the initiation of this case. As a part of their divorce decree, Anna Perales executed a deed which conveyed her interest in the property to her ex-husband. At some time later, Benjamin Perales became in arrears on the alimony and support payments which were awarded to his ex-wife. She filed an action based upon those arrearages and recorded the resulting judgment in the Lucas County Court of Common Pleas, thereby creating a lien on the real estate.

Subsequent to that recording, Benjamin Perales sold the property to the Debtors. It was used as their principle place of residence. As a part of the sale, the Debtors assumed the first mortgage on the property which was held by the United Mutual Savings Bank. The Perales lien was not paid and therefore remained in effect.

Although the record is unclear as to the dates on which the suit was filed or the judgment rendered, it appears that the Debtors are subject to a foreclosure judgment on this real estate. On March 9, 1983, the Debtors filed their voluntary Chapter 7 petition with this Court. During the course of that case the property was abandoned from the estate, the Debtors were discharged, and the case was administratively closed. Inasmuch as the dis-charge dissolved the automatic stay, a sale of the property was scheduled by the foreclosing creditor. However, on March 6, 1984, the Debtors petitioned this Court to reopen their case so as to allow them the opportunity to avoid the Perales lien. The case was reopened on March 7, 1984.

The parties have stipulated to the value of the property and the amounts of the liens. They have agreed that the value of the real estate is approximately Sixteen Thousand Five Hundred and no/100 Dollars ($16,500.00). The first mortgage remains unpaid in the amount of approximately Eight Thousand and no/100 Dollars ($8,000.00). The judgment entry upon which Anna Perales recorded her lien is in the amount of Eight Thousand Eight Hundred Twenty-five and no/100 Dollars ($8,825.00) plus interest.

## LAW

The issue before this Court is whether or not a judgment lien may be avoided pursuant to 11 U.S.C. § 522(f) when it arises by virtue of a judgment for alimony and child support arrearages. 11 U.S.C. § 522(f) states in pertinent part:

> "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—
> (1) a judicial lien..."

In Ohio, a debtor's exemptions are provided for by Ohio Revised Code § 2329.66 which states in pertinent part:

> "(A) Every person who is domiciled in this state may hold property exempt ... as follows:
> (1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence..."

It is well established that the "debtor's interest" in property, as the term is used in 11 U.S.C. § 522(f) and Ohio Revised Code § 2329.66, does not necessarily mean debtors equity. *Morelock v. All-*

*Phase Electric Supply Co. (In re More-lock)*, 35 B.R. 518 (Bkrtcy.N.D.Ohio 1983). As explained in that decision, a debtor is not required to have equity in property prior to exercising the lien avoidance power. This provision effectively allows a debtor to create equity in property so as to insure the availability of the homestead exemption. Inasmuch as Anna Perales' lien is a judgment lien that impairs the Eight Thousand Five Hundred and no/100 Dollars ($8,500.00) equity which is otherwise available to the Debtors, it must be concluded that the lien is avoidable.

 It should be noted that as in *More-lock v. All-Phase Electric Supply Co.*, supra, Ohio Revised Code § 2329.661(C) does not prevent the taking of the homestead exemption, despite the absence of pre-avoidance equity. Ohio Revised Code § 2329.661(C) states that:

> "(C) Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby."

This section only preserves consensual liens and security interests. The lien in this case, however, is a judicial lien which is, by exclusion, not subject to the lien conservation statute. Accordingly, the decision in *Giles v. Credithrift of America*, 717 F.2d 281 (6th Cir.1983), is not controlling.

Perales argues that the debt underlying the lien would be non-dischargeable under the provisions of 11 U.S.C. § 523. However, the potentially non-dischargeable debt exists between Perales and her ex-husband. This non-dischargeable character cannot be asserted as defense to the extinguishing of this lien on the Debtor's property because there was never any direct relationship between these parties which would give rise to the obligation to pay alimony or support. Accordingly, the non-dischargeability of the debt exists only as to Benjamin Perales and does not extend to subsequent purchasers of the property.

While Perales has cited authority for the denial of a motion to avoid a lien when the lien was directly instituted by the domestic relations Court as a part of the divorce decree, that principle is not applicable in this case. In the case at hand, Perales reduced the arrearages to judgment and filed a judgment lien on the real estate. The lien was not a part of the property settlement. In the absence of a bankruptcy proceeding, the lien would follow the property until it was paid. However, since the Bankruptcy Code allows the avoidance of judicial liens in favor of exemptions when the lien is not directly attendant to a non-dischargeable debt, it must be concluded that it is avoidable.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the lien of Anna Perales be, and is hereby, AVOIDED and held for naught.