**In re James Thomas BLAND and Mary Jane Bland, dba Jim Bland Realty, Debtors.**

**Bankruptcy No. 583–1574.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 29, 1984.

Carl Hirsch, Akron, Ohio, for debtors.

Frederick Corns, Akron, Ohio, for Banc-Ohio Nat. Bank.

## FINDING AS TO LIEN AVOIDANCE

H.F. WHITE, Bankruptcy Judge.

On January 17, 1984, the debtors filed their motion to avoid certain judicial liens pursuant to 11 U.S.C. section 522(f)(1).

The liens sought to be avoided were held by BancOhio National Bank ("BancOhio"), First Federal Savings & Loan of Mt. Vernon ("First Federal"), and The Kissell Company ("Kissell). First Federal and Kissell did not respond or in any way oppose the debtors' motion and on March 13, 1984 this court entered an order voiding their liens.

BancOhio did respond to the debtors' motion. It filed a motion to overrule the debtors' motion to avoid the judicial liens.

The court finds that the property known as 3635 Argonne Street, Mogadore, Ohio ("property") is used by the debtors as their residence and that the debtors have claimed a homestead exemption of $5,000.00 each on said property as allowed by Ohio Revised Code (O.R.C.) 2329.-66(A)(1). No creditors objected to the debtors' claimed exemption.

The court further finds that the debtors' property is encumbered by a first mortgage securing a debt of approximately $48,000.00 owed to Peoples Federal Savings & Loan. The property is also encumbered by tax liens filed by the Internal Revenue Service in the approximate amount of $10,000.00. BancOhio's judgment lien against the property is in the approximate amount of $1,170.00.

The court finds that the fair market value of the debtors' residence is approximately $65,000.00. Thus, the debtors' equity in the property, without regard to BancOhio's lien, is approximately $7,000.00, which equity is completely exempt pursuant to O.R.C. section 2329.66(A)(1). Pursuant to 11 U.S.C. section 506(a), BancOhio's claim must be deemed to be unsecured as of the date of the filing of the petition in bankruptcy which is the controlling date.

BancOhio's motion does not purport to challenge any of these factual findings. Rather, it argues as a matter of law that under the Ohio exemption statute an exemption always takes precedence over a judgment lien. BancOhio maintains, therefore, that its lien does not impair the debtors' exemption.

BancOhio does not cite any cases which support its proposition that an Ohio debtor may not avoid a judicial lien. For its own part, the court has found only two cases, authored by the same judge, which directly support BancOhio's argument. *In re Schwartz,* 27 B.R. 195 (Bkrtcy.S.D.Ohio 1982); *In re Greenhill,* 27 B.R. 197 (Bkrtcy.S.D.Ohio 1982).

It appears that the above-cited decisions are in the distinct minority; other courts, including this one, have permitted Ohio debtors to avoid judicial liens *In re Gallardo,* 35 B.R. 321 (Bkrtcy.N.D.Ohio 1983); *In re Morelock,* 35 B.R. 518 (Bkrtcy.N.D.Ohio 1983); *Chrysler Credit Corp. v. Brannon (In Re Brannon),* 29 B.R. 884 (Bkrtcy.S.D. Ohio 1983); *In re Flege,* 17 B.R. 690, (Bkrtcy.N.D.Ohio 1982). With all due respect to Judge Kelleher, this court will follow the majority and must reject the reasoning of *In re Schwartz, supra,* and *In re Greenhill, supra.*

This court has previously rejected an argument similar to that made by BancOhio in *In re Flege, supra.* The court now reaffirms that judgment and the reasoning therein.

The court also notes that this decision does not conflict with *In re Pine,* 717 F.2d 281 (6th Cir.1983). In *Pine* the Sixth Circuit held that the debtors could not avoid nonpossessory, nonpurchase-money security interests in household goods under 11 U.S.C. section 522(f)(2) where the debtors claimed exemptions under the Georgia and Tennessee exemption statutes. *Pine* did not discuss Ohio law or the avoidance of judgment liens pursuant to 11 U.S.C. section 522(f)(1). Thus, *Pine* does not preclude an Ohio debtor from avoiding a judgment lien pursuant to section 522(f)(1). *In re Gallardo, supra.; In re Morelock, supra.* In fact at least one court has found that *Pine* does not apply to the Ohio exemption statute at all. *In re Lewis,* 38 B.R. 113 (Bkrtcy.S.D.Ohio 1984) (holding the debtor may avoid nonpossessory non-purchase-money security interests pursuant to section 522(f)(2)).

The court, therefore, must reject Banc-Ohio's argument. BancOhio's interpretation would render 11 U.S.C. section 522(f)(1) a meaningless provision. This would deny the debtors a fresh start despite the fact that section 522(f) was specifically enacted to protect the fresh start. See H.R. No. 95–595 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6318; S.R. No. 95–989, 95th Cong., 2d sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862. The court finds that BancOhio's judgment lien impairs the debtors' valid homestead exemption and may therefore be avoided.