In re Ronald F. GREENHILL dba R.F. Greenhill Builders, Debtor-Appellant.

No. C–2–82–1257.

United States District Court, S.D. Ohio, E.D.

Nov. 21, 1984.

K. Clarke Fahnenbruck, Columbus, Ohio, for petitioner.

Richard Palmer, Columbus, Ohio, for respondent.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is currently before the Court on appeal from the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division. The appellant herein, Ronald Frederick Greenhill, appeals from an Order entered by the bankruptcy court which granted summary judgment to several judgment lien holders. Specifically, the bankruptcy court held that 11 U.S.C. § 522(f) did not operate to allow the debtor to avoid certain judicial liens upon his residential real estate.

## STATEMENT OF THE CASE

On May 7, 1982, the appellant-debtor filed a Petition in Bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code. The appellant-debtor's Schedule B–1 listed a residence jointly owned with his wife, Nina Greenhill. The real estate was given a market value of $45,000. The appellant-debtor's Schedule B–4 included a listing of the real estate and claimed an exemption of $5,000, as provided in § 2329.-66(A)(1) of the Ohio Revised Code.

On September 14, 1982, the appellant-debtor filed a motion for summary judgment with respect to his argument that he was entitled to avoid certain judicial liens upon his residence pursuant to 11 U.S.C.

§ 522(f). Of the ten defendants to the motion, only one filed a contra memorandum. The bankruptcy court then issued its Order upon Motion for Summary Judgment denying the appellant-debtor's motion and granting summary judgment to all creditors against whom lien avoidance applications had been filed. The creditors had not filed cross-motions for summary judgment.

## DISCUSSION

Pursuant to 11 U.S.C. § 522(f), a debtor may avoid a judicial lien to the extent that such lien impairs an exemption to which the debtor is entitled under 11 U.S.C. § 522(b). There is no dispute that the type of exemption with which this Court is concerned is within the purview of § 522(b). In its Order, however, the bankruptcy court stated that

"... under Ohio law a judicial lien does not impair a debtor's claim of exemption in residential real estate because a ... debtor's exemption for residential real estate will prevail over (a creditor's) judgment lien and should be recognized and paid ahead of that lien from the proceeds of any future judicial sale of the debtor's real estate." [*In re Schwartz*, 27 B.R. 195 (S.D.Ohio).] Therefore, there being no impairment of an exemption, 11 U.S.C. § 522(f)(1) may not be used to avoid judicial liens upon a debtor's residential real estate.

*In re Greenhill*, 27 B.R. 197, 198 (S.D. Ohio 1982) (order granting summary judgment). The appellant-debtor argues that the exemption to which he is entitled with respect to his real estate is impaired by the judicial liens upon the real estate and, therefore, falls within the ambit of 11 U.S.C. § 522(f)(1).

■ The issue to be decided is whether the bankruptcy court's interpretation of what constitutes the impairment of an exemption under Ohio law is correct. The bankruptcy court's interpretation is certainly reasonable. In effect, the bankruptcy court is saying that because the debtor will always be entitled to the amount of the exemption for which § 2329.66 provides, the exemption can never be impaired by the existing judicial liens. This is because when the sale of the debtor's residence occurs, the debtor will receive, at least, the exemption amount, provided, of course, that the debtor's equity in the residence is equal to or greater than the exemption amount.

The appellant-debtor argues that the bankruptcy court's interpretation conflicts with the Bankruptcy Code's underlying policy to provide the bankrupt with a "fresh start." This Court does not agree. Under the bankruptcy court's interpretation, the debtor will always be entitled to his, in this case, $5,000 exemption for which § 2329.-66(A)(1) provides or the amount of equity he has in the property, if such does not exceed $5,000, regardless of the existence of the judicial liens. The Court does not see how this impairs the debtor's "fresh start."

■ Finally, the appellant-debtor takes issue with the bankruptcy court's decision to enter summary judgment in favor of his creditors on his own motion for summary judgment. The bankruptcy court determined that no genuine issue of fact existed and that, contrary to the appellant-debtor's argument, the creditors were entitled to judgment as a matter of law. This was certainly within the bankruptcy court's power to do. Therefore, it was not error for the bankruptcy court to enter summary judgment, basically on its motion, in favor of the creditors.

WHEREUPON, upon consideration and being duly advised, the Court determines that the bankruptcy court's Order upon Motion for Summary Judgment to be, in all respects, correct and it is, therefore, AFFIRMED.

IT IS SO ORDERED.