In re Benjamin **RICHARDSON**, aka Benjamin A. Richardson, aka Ben Richardson and Cleopatra J. Richardson, aka Cleo J. Richardson, aka Cleopatra Richardson, aka Cleo Richardson, Debtors.

Bankruptcy No. 585–432.

United States Bankruptcy Court,
N.D. Ohio.

Nov. 21, 1985.

William R. Moore, Jr., Tallmadge, Ohio, for debtors.

Richard R. Wilson, Kent, Ohio, Trustee.

Frederick S. Corns, Akron, Ohio, for BancOhio Nat. Bank.

FINDING AS TO LIEN AVOIDANCE

H.F. WHITE, Bankruptcy Judge.

On July 10, 1985 the debtors filed a motion to avoid a lien impairing the debtors' exemptions on property owned by the debtors at 649 Fultz Street, Akron, Ohio. The

motion was opposed by a judgment creditor, BancOhio National Bank.

The court finds that the debtors filed a voluntary petition in bankruptcy on April 22, 1985 and that Cleopatra J. Richardson did reside at 649 Fultz Street, Akron, Ohio, and that she did claim an exemption on said property in the amount of $5,000 as provided for by the Ohio Revised Code. No exception was taken to the claim for exemption by the trustee or the creditor in these proceedings.

The court finds that the value of the property at 649 Fultz Street, Akron, Ohio is $13,900 and that First National Bank of Akron has a valid mortgage on the property in the amount of $10,865.75 plus interest, said claim having been filed by the First National Bank of Akron on June 26, 1985.

The court further finds that there are taxes due on said property in the amount of $443.81.

The court further finds that a judgment lien was obtained by BancOhio in the amount of $2,738.31 prior to the filing of the petition in bankruptcy.

## ISSUE

The issue presented is whether the debtor may avoid the judgment lien of BancOhio National Bank on the real estate located at 649 Fultz Street, Akron, Ohio?

## DISCUSSION OF LAW

The creditor has objected to avoidance of its judicial lien which the debtor seeks pursuant to her homestead exemption and 11 U.S.C. section 522(f)(1). Ohio Revised Code section 2329.66(A)(1) (Page 1984 Supp.). It notes in its brief that this court has consistently recognized the right of a debtor to avoid the fixing of a judicial lien on an interest of the debtor in real estate pursuant to 11 U.S.C. section 522(f)(1) and applicable state law. *In re Flege,* 17 B.R. 690 (Bankr.N.D.Ohio 1982) and *In re Bland,* 56 B.R. 1 (Bankr.N.D.Ohio 1984). This court takes its guidance from the legislative history to section 522(f):

> [Section 522(f) ] gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the action of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor.

> If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.

*In re Hill,* 4 B.R. 310, 315 (Bankr.N.D.Ohio 1980) (quoting H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 126–27 (1977), U.S.Code Cong. & Adm.News 1978, 5787, 6087–6088).

The creditor cites *In re Spears,* 744 F.2d 1225 (6th Cir.1984) for the proposition that under Ohio law a debtor may exempt only an interest in property that is not subject to any third party liens. Consequently, the debtor may not avoid this creditor's lien. If the court adopted this interpretation of *Spears* and applicable state law, it wonders when, if ever, a debtor would be able to avoid liens of creditors to enjoy her property unencumbered. The *Spears* court disallowed avoidance of a lien on *household goods* in accordance with its earlier decision in *In re Pine,* 717 F.2d 281 (6th Cir.1983), *cert. den.* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984). A simple review of relevant state law discloses the disparity in the treatment of a nonconsensual judicial lien and a consensual nonpurchase money security interest: "[Ohio exemption statute] does not [e]xtend to a judgment rendered on a mortgage executed, *or security interest given on real or personal property by a debtor ...*" Ohio Rev.Code.Ann., sect. 2329.661(A)(1) (Page 1981) (emphasis supplied). But Ohio law does exempt from proceeds of a judicial

lien sale an individual's interest not to exceed $5000 in one parcel of real estate that she used as a residence. *Id.* at 2329.66 (A)(1). The *Spears* case is inapposite, and the debtor may avoid the creditor's judicial lien pursuant to 11 U.S.C. section 522(f)(1) and its legislative history.

■ The better question presented by the facts of this case is whether the debtor may avoid a judicial lien on property in which she has little or no equity. This issue has already been addressed by a number of bankruptcy courts. *See In re Berrong,* 53 B.R. 640, 3 Bankr.L.Rep. (CCH) para. 70,760 (Bankr.D.Colo.1985) and cases cited therein. This court is in agreement with the *Berrong* court that a debtor may avoid a judicial lien as impairing her homestead exemption even though the debtor lacks equity in the subject property. The debtor should be permitted to avoid the vestige of a pre-petition debt so that at some future time she may realize the appreciated value of the property:

> [U]nless a judicial lien is specifically avoided by a debtor, the lien will survive the discharge in bankruptcy. The practical result is that at some future time, when the real property appreciates or the secured debt is reduced in value [sic]. The judgment lienor might initiate a foreclosure action. A debtor would continually be burdened by a creditor, waiting in the corner for the bell to ring to fight the debtor the moment the debtor has rehabilitated himself. This result thwarts and frustrates the fresh start concept of bankruptcy.

*Id. See also, In re Schmidt,* 36 B.R. 144 (Bankr.N.D.Ohio 1983) (Judge Williams) (judicial lien avoidance not limited to amount of debtors' equity).

The small amount, or absence, of equity in the debtor's property does not prevent the application of 11 U.S.C. section 522(f)(1).

A separate order shall issue herein.