**In re Charles F. LUSK and Mamie M. Lusk, Debtors.**

**Bankruptcy No. 86–02452.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 24, 1987.

David A. Rodabaugh, Lima, Ohio, for debtors.

Allan D. Dobnicker, Lima, Ohio, trustee.

Matthew C. Huffman, Lima, Ohio, for creditor.

## OPINION AND ORDER AVOIDING LIEN IN THE AMOUNT OF DEBTORS' EXEMPTION

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon Debtors' motion to avoid lien and creditor Lima Contracting Company, Inc.'s response thereto. Upon consideration thereof, the court finds that Debtors' motion should be granted in the amount of their exemption.

## FACTS

On November 12, 1986, Debtors filed their voluntary petition under chapter 7 of the bankruptcy code. On April 27, 1987, Debtors filed the instant motion to avoid lien pursuant to 11 U.S.C. § 522(f) contending that Lima Contracting Company, Inc. (creditor) obtained a judicial lien, pre-petition, against Debtors' residence which Debtors may avoid as it impairs their exemption. Creditor's lien is in the amount of $55,456.66. There is a first mortgage on this real estate in the amount of $29,988.11 and a real estate federal tax lien in the amount of $66,876.94. The value of Debtors' residence is $45,000.

Creditor's response to Debtors' motion claims that Debtors may avoid its lien only to the extent of their exemption and that the value of the lien that exceeds that amount is still enforceable. The parties have filed briefs in support of their positions.

## DISCUSSION

11 U.S.C. § 522(f) provides:

Nothwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ...

In *In re Morelock*, 35 B.R. 518 (Bkrtcy. N.D.Ohio 1983), Debtors sought to avoid a judicial lien on their residence. Debtors conceded, in that case, that they had no equity in the real estate. The court stated that

since the Debtors' residential exemption prevails over the creditor's lien and would be paid ahead of the lien from the proceeds of any future judicial sale of the property, the lien may be avoided. However, it may only be avoided up to the amount of the allowed exemption. Therefore, the Debtors are entitled to claim their exemption from the proceeds of a sale and to avoid the liens on the proceeds up to the amount of their allowed exemption.

*Id.* at 520 (citations omitted). *See also In re Greenhill,* 62 B.R. 1, 2 (S.D.Ohio 1984) (bankruptcy court's order affirmed stating that because Debtor will always be entitled to the amount of the exemption, the exemption cannot be impaired by the existing judicial lien); *In re Richardson,* 55 B.R. 526, 13 C.B.C.2d 1415 (Bkrtcy.N.D.Ohio 1985) (Debtor may avoid a judicial lien as impairing her homestead exemption even though Debtor lacks equity in the subject property); *In re Schmidt,* 36 B.R. 144, 10 C.B.C.2d 30 (Bkrtcy.N.D.Ohio 1983) (court holds that Debtor may avoid a judicial lien on exempt property in the amount which may be claimed as exempt regardless of the amount of Debtor's equity); *In re Schwartz,* 27 B.R. 195 (Bkrtcy.S.D.Ohio 1982) (Debtor's exemption for residence will prevail over judgment lien); 3 *Collier on Bankruptcy* ¶ 522.29 at 522–82 (15th ed. 1987) (lien is avoided only to the extent of the exemption; the excess is still enforceable).

As the facts demonstrate, Debtors have no equity in the subject property. Nevertheless, Debtors may claim an exemption in the amount of $10,000 pursuant to 11 U.S.C. § 522(b)(2)(A) and O.R.C. § 2329.66(A)(1). Debtors may, pursuant to 11 U.S.C. § 522(f) and cases interpreting this section, avoid creditor's judicial lien up to the amount of their exemption. Debtors may, therefore, avoid creditor's lien in the amount of their $10,000 exemption. It is therefore

ORDERED that Debtors' motion to avoid the judicial lien of Lima Contracting Company, Inc. be, and it hereby is, granted in the amount of $10,000.