**In re Russell Allen STALEY, Debtor.**

**Bankruptcy No. 2–88–00016.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Jan. 26, 1989.

Frank Ardis, Jr., Bayer, Jerger & Ardis, Mansfield, Ohio, Lawrence E. Winkfield, Winkfield & Brooks, Columbus, Ohio, for debtor.

James C. Lewis, III, Columbus, Ohio, for Bank One, Columbus, NA.

Charles M. Caldwell, Asst. U.S. Trustee, Office of the United States Trustee, Columbus, Ohio.

## OPINION AND ORDER REOPENING CASE AND GRANTING MOTION TO AVOID JUDICIAL LIEN

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion to Avoid Judicial Lien ("Motion") filed by the debtor, Russell Allen Staley, and the memorandum in opposition thereto filed by Bank One, Columbus, NA ("Bank One"). Following a hearing on the debtor's Motion, this matter was taken under advisement by the Court. While this matter was under advisement, an order closing the case was entered erroneously. Accordingly, the Court VACATES its previous order closing the case and hereby REOPENS the case for purposes of issuing the instant decision.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine in accordance with 28 U.S.C. § 157(b)(1) and (2)(B) and (K). The following opinion and order shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The facts pertaining to debtor's motion, as established by debtor's uncontraverted testimony, are essentially undisputed. Debtor owns certain real estate which he occupies as his personal residence located at 7661 Rte. # 2, C.R. # 242, Perry Township, Morrow County, Ohio (the "Property"). The fair market value of the Property is $22,500. Cardinal Federal Savings Bank holds a first mortgage on the Property in the approximate amount of $22,397. Hence, debtor's equity in the Property is negligible—*i.e.*, approximately $113. Bank One has a judgment lien against the Property in the amount of $7,305.62 which was obtained on or about September 3, 1987. The legal issue for determination is as follows: Is Bank One's judgment lien upon

the Property subject to avoidance pursuant to 11 U.S.C. § 522(f)?

▮ Section 522(f) of the Bankruptcy Code provides as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Debtor contends that his homestead exemption—granted by Ohio Revised Code § 2329.66(A)(1)—is impaired by Bank One's judgment lien and, hence, subject to avoidance under § 522(f). Bank One rejoins by citing the decisions of former Bankruptcy Judge Kelleher in *In re Schwartz,* 27 B.R. 195 (Bankr.S.D.Ohio 1982) and *In re Greenhill,* 27 B.R. 197 (Bankr.S.D.Ohio 1982). In those decisions, a restrictive interpretation of the concept of exemption impairment was articulated. In *Greenhill,* the court stated as follows:

[U]nder Ohio law a judicial lien does not impair a debtor's claim of exemption in residential real estate because a "... debtor's exemption for residential real estate will prevail over (a creditor's) judgment lien and should be recognized and paid ahead of that lien from the proceeds of any future judicial sale of the debtor's real estate." ... Therefore, there being no impairment of an exemption, 11 U.S.C. § 522(f)(1) may not be

used to avoid judicial liens upon a debtor's residential real estate. Thus, the debtor is not entitled to judgment as a matter of law with respect to the applications to avoid judicial liens.

27 B.R. at 198 (citation omitted) (quoting *In re Schwartz,* 27 B.R. at 196–97). In a recent decision that has yet to be published (a copy is attached hereto), this Court has declined to follow the holding of *Greenhill* and *Schwartz* which has been characterized as a "distinct minority" view. *See, In re Smith,* 92 B.R. 287 (Bankr.S.D.Ohio 1988); *See also, In re Bland,* 56 B.R. 1, 2 (Bankr. N.D.Ohio 1984); *Matter of Dixon,* 79 B.R. 702, 706 (Bankr.N.D.Ohio 1987). In *Smith,* this Court stated as follows:

The clear weight of authority, and the better reasoned view, is that a debtor's homestead exemption is impaired by a judicial lien, within the meaning of 11 U.S.C. § 522(f) where the sum of the total mortgage indebtedness, plus the homestead exemption, equals or exceeds the value of the debtor's property. *Dixon,* 79 B.R. at 706. *See also, Buroker v. Raybourn,* 61 B.R. 10 (S.D.Ohio 1986); *In re Gallardo,* 35 B.R. 321 (Bankr.N.D. Ohio 1983); *In re Morelock,* 35 B.R. 518 (Bankr.N.D.Ohio 1983); *In re Schmidt,* 36 B.R. 144 (Bankr.N.D.Ohio 1983); *In re Richardson,* 55 B.R. 526 (Bankr.N.D. Ohio 1985); *Matter of Anderson,* 57 B.R. 953 (Bankr.S.D.Ohio 1986); *In re James,* 75 B.R. 124 (Bankr.S.D.Ohio 1987); *In re Lusk,* 80 B.R. 428 (Bankr.N.D.Ohio 1987).

*Smith,* 92 B.R. at 293.

As stated above, the better reasoned interpretation of 11 U.S.C. § 522(f), and that which is supported by the clear weight of the decisional law, provides that exemption impairment is established where the sum of total mortgage indebtedness, plus the homestead exemption, equals or exceeds the value of the debtor's property. Such is the case here. The Property's value exceeds the first mortgage thereon by a mere $113. Accordingly, when debtor's $5,000 homestead exemption is added to the total mortgage indebtedness, the sum thereof clearly exceeds the fair market value of the

**550**

Property. Accordingly, debtor's homestead exemption is impaired within the meaning of 11 U.S.C. § 522(f) and debtor may, therefore, avoid Bank One's judicial lien.

Based upon the foregoing, debtor's Motion to Avoid Judicial Lien is hereby GRANTED.

IT IS SO ORDERED.