**In the Matter of Louis ORECCHIO and Donna Orecchio, Debtors.**

**Bankruptcy No. 84–05707.**

United States Bankruptcy Court, D. New Jersey.

Sept. 12, 1985.

Gerard Felt, Pressler & Pressler, Pine Brook, N.J., for Sears Roebuck & Co.

Alan F. Such, Such & D'Alessandro, West Orange, N.J., for debtors.

## OPINION and ORDER

D. JOSEPH DeVITO, Bankruptcy Judge.

Movant, Sears, Roebuck & Co. (hereinafter Sears), moves to vacate the automatic stay of sec. 362 so that it may proceed to enforce its secured interest in certain consumer goods purchased by the debtors. For the reasons set forth below, this Court hereby grants the motion and vacates the automatic stay with respect to the consumer goods.

On October 26, 1984, the above debtors, Louis and Donna Orecchio, filed a voluntary petition under Chapter 7 of the Bankruptcy Code, listing therein Sears as an unsecured creditor.

It appears that in 1982 and 1983 the debtors purchased various items at Sears, specifically, a refrigerator, a bed frame, tires, and jewelry, all charged to the debtors' revolving charge account. According to the sales receipts, the purchases aggregated in amount $1,484.68. At the time of the instant motion, Sears claimed the amount due and owing to be $1,877.43. The increase is presumably due to interest, carrying charges and the like.

The precise issue here springs from the assertion of a security interest by Sears. The latter contends that the terms of its charge account create a valid security interest. Claiming a lack of adequate protection, Sears desires to pursue its alleged interest in the consumer goods noted above.

In response, the debtors contend that, having failed to comply with the filing requirements of the Uniform Commercial Code, there has been no perfection of the alleged security interest and that, as a result, Sears is not entitled to a lifting of the automatic stay. The debtors further contend that, upon application of the provisions of sec. 522 of the Code, the property referred to is exempt from process.

Pertinent to the issue here is the language employed by Sears in its revolving charge agreements and the statements printed on its sales slips. The following language is found in the charge agreement:

SECURITY INTEREST IN GOODS. Sears has a Security Interest under the Uniform Commercial Code in all merchandise charged to the account. If I do not make payments as agreed, the security interest allows Sears to repossess only the merchandise which has not been paid in full. I am responsible for any loss or damage to the merchandise until the price is fully paid. Any payments I make will first be used to pay any unpaid Insurance or Finance Charge(s), and then to pay for the earliest charges on the account. If more than one item is charged on the same date, my payment will apply first to the lowest priced item.

Upon each individual sales receipt, the following appears above the line provided for the customer's signature:

This purchase is made under my Sears Charge Account Agreement ... which is incorporated herein by reference.

On the reverse side of the sales receipt, the following appears:

SECURITY INTEREST IN GOODS. Sears has a security interest under the Uniform Commercial Code in all merchandise charged to the account. If I do not make payments as agreed, the security interest allows Sears to repossess only the merchandise which has not been paid in full ...

Looking to the law of the forum, the revolving charge account created by Sears falls squarely within the definition of a "retail charge account". N.J.S.A. 17:16C–1[r]. In light of the undisputed proffered evidence, it is plain that a valid retail charge account existed and was utilized in accordance with the local law.

In New Jersey a security interest attaches if (a) a debtor signs a security agreement containing a description of the collateral; (b) value is given; and (c) the debtor has rights in the collateral. N.J.S.A. 12A:9–203[1]. Attachment of the security interest is immediate upon the satisfaction of these conditions. *Id.* at 203[2].

N.J.S.A. 12A:9–107[a] provides that "a purchase money security interest" is created where an interest is taken or retained by the seller of the collateral to secure all or part of its purchase price, or where an interest is taken by a person who, by making advances, gives value to enable the debtor to acquire rights in the collateral. *Id.* at 107[b].

N.J.S.A. 12A:9–302(1)[d] provides for the perfection of a purchase money security interest without a filing statement under the Uniform Commercial Code if it secures an interest in consumer goods. N.J.S.A. 12A:9–109[1] defines "consumer goods" as those items bought for use primarily for personal, family or household purposes.

▪ By reason of the foregoing, it is apparent that Sears has fashioned a perfected security interest in the goods purchased by the debtors. The retail charge agreement and the sales slips satisfy the requirements for the creation of a security interest in the charged goods; i.e., the goods were described on the sales slips, with the debtors' signatures affixed thereto; value was given; and the debtors had rights in the collateral. Furthermore, Sear's interest is of the purchase money variety, as defined by the statute, and, since the items are undeniably consumer goods, the U.C.C. filing statement was unnecessary.

▪ The remaining issue to be decided relates to the debtors' assertion that the goods purchased are exempt property under sec. 522[b] of the Bankruptcy Code and, thus, not subject to Sear's claim. The Court finds this contention to be erroneous. The legislative history of sec. 522 states: "Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the 'value' of the property for the purposes of exemption." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 360 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 6315. Equity in the property is, therefore, required to exempt all or a portion of it. If the indebtedness exceeds the value of the goods, the lack of equity forecloses use of the sec. 522 exemption. *Accord In re Morgan,* 6 B.R. 701, 702–04 (Bankr.M.D.Tenn.1980). In the case at bar, the Sears claim is some $400.00 more than the stated retail value of the goods purchased (this does not take into account their current value after allowing for depreciation). Under the above circumstances, the debtors cannot claim the property to be exempt.

▪ By reason of all of the foregoing, this Court finds Sears to be the holder of a perfected security interest in the property enumerated herein. The Court further finds that, because of the debtors' lack of equity in the property, the property cannot be exempted pursuant to sec. 522 of the Code.

It is, therefore, ORDERED, DECREED and ADJUDGED:

1. The secured claim of Sears is fixed at $1,484.68, and

2. The automatic stay is vacated with respect to subject property to permit Sears to proceed in the state court to enforce its security interest.