**In re Albert Maurice BROWN, III, aka Albert M. Brown, Carol Ann Brown, aka Carol A. Brown fdba—B & E Sales, Defendants.**

No. C85–707–Y.

United States District Court,
N.D. Ohio, E.D.

May 31, 1985.

Richard C. Kenney, Jr., Weltman, Weinberg & Associates Co., L.P.A., Cleveland, Ohio, for plaintiff.

Michael A. Gallo, Youngstown, Ohio, for defendants.

## ORDER

BELL, District Judge.

This matter is before the court on an appeal from the United States Bankruptcy Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1334. The Appellant, the American Express Company, has asserted that the bankruptcy court erred in determining that its judgment lien was avoided because it would impair upon the debtor's homestead exemption created under the laws of Ohio. For the following reasons, the order of the bankruptcy court is hereby affirmed.

On November 13, 1984, the bankruptcy court determined that there was no equity in the personal residence of the debtors. The court found that the two mortgages on the property and a tax lien placed by the Internal Revenue Service were in excess of $40,000.00, while the residence only had an appraised market value of $34,000.00. None of the parties to this appeal have disputed that the above debts were not avoided by the filing of a Chapter 7 petition and must be paid according to priority set by the court out of the proceeds of the sale of the residence.

The American Express Company also had a judgment lien against the debtors property for $2,166.99. This lien was found by the bankruptcy court to impair upon the debtor's homestead exemption and was thus avoided by the debtors filing under Chapter 7.

The bankruptcy code provides that a debtor may exempt property from the estate pursuant to 11 U.S.C. § 522(b), which states as follows:

> (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
>
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition.

It is undisputed that Ohio is a state which has elected to "opt out" of the federal exemption scheme and has enacted section 2329.662 of the Ohio Revised Code which prohibits Ohio residents from using the federal exemptions listed in 11 U.S.C. § 522(d). Thus, an Ohio debtor may avoid liens only on that property which the State has declared to be exempt. *See: In re Spears,* 744 F.2d 1225 (6th Cir.1984); *In re Pine,* 717 F.2d 281, 284 (6th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984).

The exemptions available to Ohio residents have been promulgated by the state legislature in § 2329.66 of the Ohio Revised Code. Specifically, the state has created an exemption which is the subject of this appeal is the debtor's personal residence. Section 2329.66(A)(1) provides as follows:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, as follows:
>
> (1) The person's interest, not to exceed five thousand dollars, in one parcel or items of real or personal property that a person or a dependent of the person uses as a residence.

In the Chapter 7 proceedings below, the debtors claimed the homestead exemption and moved to avoid the American Express Company's judgment lien. In its brief in opposition to the debtor's motion, the American Express Company argued that the homestead exemption was not available

to the debtors because the real property was not threatened by any execution or forced sale as defined in § 2329.55 of the Ohio Revised Code. The bankruptcy court found that this argument was without merit since the filing of a Chapter 7 petition places all of the debtors' property that is not exempt subject to sale in order to satisfy the debts of the estate.

 In this appeal the American Express Company has raised a new argument. At this time, the appellant asserts that the debtors may not claim a homestead exemption in real property unless they have actual equity in the property. Under this assertion, the debtors must have some monetary interest in the property that exceeds the unavoidable priority liens before any judicial lien would impair upon the exemption and created the lien avoidance set forth in 11 U.S.C. § 522(f). This argument was not before the bankruptcy court and is not properly reviewable by this court on appeal.

A district court may only review in a bankruptcy appeal issues which were presented to the bankruptcy judge. This standard of review was set forth in the case of *In re Gardner*, 455 F.Supp. 327, 329 (N.D.Ala.1978), as follows:

> The issue presented to the Trial Court cannot now be abandoned and a totally new issue presented for consideration. This Court can review only those rulings of the Trial Court made on issues properly presented to the Trial Court. It has no right to start over and ignore the original proceedings.

Thus, the Appellant has not preserved this argument for consideration by this court since the bankruptcy court never had the opportunity to consider this issue. Therefore, the order of the bankruptcy court must be affirmed.

In addition to the grounds for affirmance set forth above, the asserted requirement that a debtor has actual equity in property before the homestead exemption is applicable is without merit. There is no language in 11 U.S.C. § 522(f) that would require the debtor to have an equity interest in the property before asserting a homestead exemption. Instead, the sole requirement is that the debtor have "an interest" in the property. The application of the statute proposed by the appellant would clearly destroy the entire concept of the exemptions created by Congress and the state legislature, and require the debtor to either reaffirm all judgment debts or face total liquidation of all of his assets without any benefit of the exemptions. Such a holding would circumvent the legislative intent of providing a debtor with a fresh start after the filing of a bankruptcy petition.

Accordingly, the decision of the bankruptcy court is hereby affirmed.

IT IS SO ORDERED.