**In re Donald Duane PECK, aka Donald D. Peck, Debtor.**

**NATIONAL DEPOSIT GUARANTEE CORPORATION, Appellant,**

v.

**Donald Duane PECK, aka Donald D. Peck, Appellee.**

**No. C85–122Y.**

United States District Court, N.D. Ohio, E.D.

Dec. 5, 1985.

Michael A. Gallo, Nadler & Nadler Co., L.P.A., Youngstown, Ohio, Trustee.

Richard C. Kenney, Jr., Weltman, Weinberg & Associates Co., L.P.A., Cleveland, Ohio, for appellant.

Albert Strobel, Youngstown, Ohio, for debtor-appellee.

MEMORANDUM OF OPINION AND ORDER REVERSING DECISION OF THE BANKRUPTCY COURT

KRENZLER, District Judge.

This is an appeal from an order of the Northern District of Ohio Bankruptcy Court. Appellant, National Deposit Guarantee Corporation, is a creditor of the debtor-appellee. Appellant has a judicial lien recorded in the amount of $7,066.59 against the debtor's property. The Bankruptcy Court determined that appellant's entire claim was unsecured. Appellant seeks to

overturn the bankruptcy order. Jurisdiction of this Court is pursuant to 28 U.S.C. § 158.

FACTS

The facts of this case are not in dispute. On May 11, 1984, Donald Duane Peck [debtor-appellee] filed a petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301, *et seq*. The debtor's plan provided that creditors holding secured claims would be paid in full to the extent of the value of the security. Any amount owing in excess of the value of the collateral would be treated as an unsecured debt. The initial plan provided that general unsecured creditors would receive 10 percent of their claim.

The security in question is real estate owned by the debtor which the parties agree has a value of $30,000. The first mortgage on the property, owed to First Family Mortgage Corporation of Florida, is $23,301.39. Five hundred dollars in real estate taxes are due on the property. In addition, two judgment liens were filed against the debtor's property. Sears, Roebuck and Co. had a judgment lien against the debtor in the amount of $1,488.41 recorded on December 7, 1981. The second judgment lien is held by National Deposit Guarantee Corporation [appellant] in the amount of $7,066.59 recorded on June 21, 1982.

The debtor's plan was not confirmed by the Bankruptcy Court because it was deemed inadequately funded. On August 9, 1984, the debtor filed a motion to void the liens of Sears, Roebuck and National Deposit pursuant to Ohio Rev.Code Ann § 2329.66(A)(1), alleging that they impaired the debtor's exemption. Appellant opposed the motion, arguing that the debtor could not void the liens since there was no impairment of his exemption under state law. Sears did not file a responsive pleading to the motion.

The Bankruptcy Court issued its order with findings of fact on December 26, 1984. The Court characterized the debtor's motion of August 9, 1984, as one seeking a determination of the status of the claims under a proposed plan. First, the Court determined that the mortgage held by First Family Mortgage was fully secured in the amount of $23,301.39. Next, the Court determined that under the laws of Ohio, the State Treasurer was entitled to collect real estate taxes of $500. The Court then deducted the $5,000 exemption of the debtor pursuant to Ohio Rev.Code Ann. § 2329.66(A)(1), and determined that an equity balance of $1,198.61 remained. Since Sears had priority as to the judgment liens, the Court held that Sears, Roebuck had a secured claim for $1,198.61, the full amount of equity in the real estate and an unsecured claim for the balance. Sears' claim was determined first since it recorded its judgment lien first. Appellant was deemed to be an unsecured creditor for the total amount of its claim—$7,050.59.

Appellant filed its notice of appeal to this Court on January 16, 1985. Both sides have submitted briefs which have provided the parties ample opportunity to present their arguments to the Court. The Chapter 13 trustee also filed an *amicus curiae* brief.

The appellant raises four issues on appeal:

(1) Whether the Bankruptcy Court erred in characterizing the debtor-appellee's motion as a request for the determination of the status of the claim of the appellant rather than a motion to avoid the lien impairing the debtor-appellee's exemption?

(2) Whether the Bankruptcy Court erred in finding that no exceptions were taken to the amount of the exemption claimed by the debtor-appellee by the appellant?

(3) Whether the Bankruptcy Court erred in determining that the exemption asserted by the debtor-appellee pursuant to Ohio Rev.Code Ann. § 2329.66(A)(1) was available to the debtor-appellee, for the purpose of either avoiding appellant's judicial lien or valuing appellant's claim, in the absence of a forced sale or other form of execution against the debtor-appellee's property?

(4) Whether the Bankruptcy Court erred in determining [that] Sears, Roebuck and Co. had a secured claim in the amount of $1,198.69 when said creditor failed to file a responsive pleading or an objection to debtor-appellee's motion?

## CONCLUSIONS OF LAW

The Court considers appellant's third assignment of error to be the most significant issue on appeal. Accordingly, the Court will proceed immediately to the resolution of that issue.

To determine whether the debtor is entitled to void the judicial liens, the statutory framework of section 522 of the Bankruptcy Code must be analyzed. Section 522(f), 11 U.S.C. § 522(f), provides in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien *impairs* an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien.... (Emphasis added.)

11 U.S.C. § 522(f). This section authorizes the debtor to avoid any lien on property to the extent the lien impairs an exemption provided under section 522(b). "Thus, the avoidance power only comes into play after there has been a determination under § 522(b) of what property may be claimed as exempt." *In re Pine*, 717 F.2d 281, 282 (6th Cir.1983). The avoidance power will only be available if the exemption is impaired by the judicial lien.

There are three alternatives available to determine what property the debtor can claim as exempt under the Bankruptcy Code. Section 522(b) provides in part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection

specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition....

11 U.S.C. § 522(b). First, under section 522(d), a general list is provided which applies in the absence of state legislation. Second, the exemptions outlined in subsection (d) can be modified by state law. Finally, the state can "opt out" of the federal provisions and a new list completely defined by state legislation can replace the federal list contained in subsection (d).

Section 522(d)(1) provides in pertinent part:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence,....

11 U.S.C. § 522(d)(1). Thus, under federal law, the debtor's exemption is broad. Lien avoidance powers exist whenever the $7,500 maximum property interest is impaired, regardless of whether the action is a voluntary or involuntary disposition of the property. However, the federal exemption exists *only* in the absence of state legislation.

Ohio has chosen to opt out of the federal list entirely. The Ohio Legislature has enacted a statute containing specific provisions answering when and what property the debtor can exempt in bankruptcy proceedings. Ohio Rev.Code Ann. § 2329.-66(A)(1) sets out the exemption available to an Ohio domiciliary for property used as a personal residence. Section 2329.66 provides in relevant part:

(A) Every person who is domiciled in this state may hold property *exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order,* as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence:.... (Emphasis added.)

Since Ohio has chosen to opt out of the federal exemptions, debtors may only avoid liens when an exemption under section 2329.66(A) of the Ohio Revised Code is impaired.

Having outlined the available statutory exemption, the issue is whether the judicial liens can be avoided because they *impair* the debtor's exemption. Ohio Rev.Code Ann. § 2329.66(A) states that a debtor may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order. The explicit language of Ohio Rev.Code Ann. § 2329.66(A) makes clear that absent an attachment or other *involuntary* disposition of the debtor's property, the debtor's exemption is not impaired. Therefore, absent a forced sale or other form of execution against the debtor's property, section 522(f) can not be utilized by the debtor to avoid the judgment liens by appellant National Guarantee. The lien does not impair an exemption to which he would otherwise be entitled under section 522(b).

This Court is cognizant of the policy arguments that would support a different interpretation of the legislative scheme of Ohio Rev.Code Ann. § 2329.66(A). An important purpose behind the Bankruptcy Act was to ensure that debtors are able to make a fresh start after bankruptcy. It is clear from congressional legislative history that the purpose of section 522(f) is to promote a debtor's opportunity to obtain a fresh start. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 76, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5787, 5862. While this may suggest a favorable interpretation for the debtor, the clear language of the Ohio statute takes precedence over the more general rehabilitative policies underlying the federal act. If the Ohio Legislature had intended to give debtors lien avoidance powers absent a forced sale or other execution on the property, it should

and could have expressly provided so in the statute. It is not up to the courts to circumvent the express language of the legislation. If the Ohio Legislature had intended section 522(f) to be available to a debtor absent an involuntary disposition, it would have included language to that effect in Ohio Rev.Code Ann. § 2329.66(A).

Under the facts in this case, since the debtor's property was not subject to an involuntary disposition or execution, the exemption is not impaired. Therefore, the debtor is not entitled to avoid these judicial liens. It was error for the Bankruptcy Court to deduct the $5,000 exemption from the total equity in the estate. A redetermination, therefore, must be made of the status of the creditors' claims.

CONCLUSION

The Court has considered the remaining assignments of error and finds they have no merit. Therefore, the judgment of the Bankruptcy Court is hereby reversed and remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.