**In re Eddie L. STIGER, Sr. and Sharon Ann Stiger, Debtors.**

**Bankruptcy No. 85–00828.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 10, 1985.

Lee R. Kravitz, Cleveland, Ohio, for Lauders Employee Federal Credit Union.

Elliot Feit, Toledo, Ohio, for debtors.

L. Mari Toaka, Toledo, Ohio, Trustee in Bankruptcy.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion To Avoid Lien Pursuant to 11 U.S.C. Section 506(d) and Section 522. Although the lien holder Lauders Employee Federal Credit Union (hereinafter Lauders) has filed an opposition to the Motion, it did not appear at the Hearing on this matter. The Court has reviewed the documents filed relative to this Motion as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion should be GRANTED, and the lien should be AVOIDED.

## FACTS

The facts in this case, although not set forth in detail, do not appear to be in serious dispute. The Debtors are the owners of a parcel of real estate which is used as their residence. As it appears in the schedules which were filed with the voluntary Chapter 7 Petition, this real estate is valued at approximately Twenty-two Thousand and no/100 Dollars ($22,000.00). Against that property there exists a first mortgage of approximately Seventeen Thousand Eighteen and 52/100 Dollars ($17,018.52) and a second mortgage of approximately One Thousand Eighty-six and 13/100 Dollars ($1,086.13). There also exists against the property a judgment lien in favor of Lauders in the amount of One Thousand Nine Hundred Seventy-two and 17/100 Dollars ($1,972.17). This lien results from a judgment in the Toledo Municipal Court against the Debtors on a deficiency owed to Lauders. There have been no requests for abandonment of the property or for relief from stay, and it is unclear whether or not the property is to be subjected to foreclosure. The Debtors have claimed an exemption in the property.

The Debtors have argued that the liens should be avoided despite the fact that no equity exists in the property. They also argue that the decisions in *Pine v. Credithrift of America Inc. (In re Pine)*, 717 F.2d 281 (6th Cir.1983), and *Spears v. Thorp Credit Inc., of Ohio (In re Spears)*, 744 F.2d 1225 (6th Cir.1984), do not preclude the avoidance under 11 U.S.C. Section 522(f) of judicial liens. Lauders argues that because the property in question is not subject to immediate judicial sale the Debtors are not, under the provisions of Ohio Revised Code Section 2329.66, entitled to an exemption in the property. Lauders also argues that because the Debtors are not entitled to an exemption in the property they are not authorized to avoid the lien under 11 U.S.C. Section 522(f).

## LAW

■ The provisions of 11 U.S.C. Section 522(f) state in pertinent part:

... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien

Under this section a debtor is entitled to avoid a lien against property which may be held as exempt. However, as indicated in *Pine v. Credithrift of America, Inc.*, supra, the prerequisite to exercising the avoidance power of Section 522(f) is entitlement to an exemption in the property. As indicated in *Morelock v. All-Phase Electric Supply Co. (In re Morelock)*, 35 B.R. 518 (Bkcy.N.D.Ohio 1985), a debtor is not required to have equity in the property in order to exercise the avoidance power. As that case pointed out, a debtor has interests other than equity which may be used in order to apply the authority of Section 522(f). That case also indicated that the avoidance of judgment liens did not conflict with the *Pine* doctrine, inasmuch as the statute which otherwise preserves a lien in property and precludes the debtor's exemption, Ohio Revised Code Section 2329.-661(C), only applies to consensual liens. In the case which followed, *Morelock v. All-Phase Electric Supply Co. (In re Morelock)*, 47 B.R. 533 (Bkcy.N.D.Ohio 1984), it was held that the avoidance of a lien under Section 522(f) resulted in a dissolving of the lien rather than the subordination of the lien to the debtor's exemption.

A review of the facts in the present case finds that all of the liens against the property total Twenty Thousand Eighty-six and 82/100 Dollars ($20,086.82), and that the value of the property, in the absence of a formal appraisal, is worth approximately Twenty-two Thousand and no/100 Dollars ($22,000.00). This leaves One Thousand Nine Hundred Twenty-three and 18/100 Dollars ($1,923.18) in equity for the debtors to take as an exemption. In the absence of Lauders' lien the Debtors would have Three Thousand Eight Hundred Ninety-five and 35/100 Dollars ($3,895.35) to use as their exemption. Stated differently, the existence of Lauders' lien impairs the Debtors' exemption in their real estate which, in the absence of the lien, they would be entitled to take. Inasmuch as this scenario appears to present the circumstance for which Section 522(f) was, in part, created, there does not appear to be any reason why this Court should not allow the lien to be avoided.

■ Lauders has argued that the provisions of Ohio Revised Code Section 2329.66, which state in pertinent part:

Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order ...

only allow the Debtors to claim an exemption in property when the property is subject to immediate sale. While this argument initially appears to have validity, a reflection on the operation of the Bankruptcy Code finds that it does not. Under Lauder's theory, a debtor would only be able to claim an exemption if and when a creditor sought to foreclose on the property. It follows that unless the bankruptcy trustee intends to liquidate the property for the benefit of creditors, there is no threatened foreclosure and, therefore, no exemption. However, it must be remembered that a trustee in bankruptcy must, when liquidating property, respect the debtor's exemption when distributing the proceeds of the estate to the creditors. Although as a practical matter a trustee will compare the total of any lien and the debtor's exemption with the value of any parcel of property, he is not required to abandon the property if the liens and exemptions exceed the value of the property. In the absence of an abandonment of the property the trustee is obligated to liquidate all the debtor's property during the pendency of the estate. Therefore, despite the lack of any value for the estate the Debtors are faced with an immediate loss of their property. To assert otherwise is to disregard the

fundamental concept of bankruptcy as it operates under Title 11.

In addition, if Lauders' theory were correct, it would have the effect of making the receipt of the Debtors' exemption hinge upon the Trustee's decision to liquidate the property. As explained in the second *Morelock* decision, Section 522(f) was intended to allow debtors to create equity in property where little or none previously existed. The creation of this equity was intended to aid debtors in obtaining the "fresh start" offered by the Bankruptcy Code. The availability of this "created equity" should not rest upon a trustee's arbitrary decision to liquidate the property. Therefore, it cannot be concluded that the Debtors should be precluded from exercising the benefits available under Section 522(f) simply on the basis that the property is not going to be subject to immediate sale. It must also be concluded that Lauders' Objection to the Debtors' Motion is without merit.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the Objection to the Debtors' Motion To Avoid Lien filed by the Lauders Employee Federal Credit Union be, and is hereby, OVERRULED.

It is FURTHER ORDERED that the Motion To Avoid Lien be, and is hereby, GRANTED.

It is FURTHER ORDERED that the Lien of Lauders Employee Federal Credit Union be, and is hereby, AVOIDED.