**In re Strother JAMES, Alice James, Debtors.**

**Bankruptcy No. 1–87–000663.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 17, 1987.

J.B. Marshall, Jr., Portsmouth, Ohio, for debtors.

Roy F. Boyd, Columbus, Ohio, for creditor.

David W. Kuhn, Portsmouth, Ohio, Trustee.

## DECISION AND ORDER ON OBJECTION TO AVOIDANCE OF JUDICIAL LIEN

BURTON PERLMAN, Bankruptcy Judge.

Debtors filed Motion to Avoid Judicial Lien with respect to their residence, real estate at 5369 Gallia Street, Sciotoville, Ohio, asserting that such lien, held by creditor, Roy F. Boyd, impairs debtors' exemption. Boyd filed an objection to the motion, and the matter came on for hearing before the Court.

The issue presented at the hearing had to do with valuation of the subject property, and the parties understood the issue to be whether the value of the subject property exceeded the total of mortgage indebtedness and homestead exemption under Ohio law. The evidence established that such total was $12,050.00. Boyd, himself, was allowed to offer opinion evidence as to value, because he is a qualified real estate appraiser. His appraisal was based upon comparable sales, and it was his opinion that the property is worth between $18,000 and $18,500.00. In addition, Boyd called Richard Kizer, a well-qualified expert real estate appraiser. Kizer testified that, based upon comparable sales, he valued the property at $18,500.00. While he did not have an opportunity to examine the interior of the home, he maintains a very detailed record of all real estate in the county, which provided him with information about the interior of the building. His report which was placed in evidence establishes that his valuation was at fair market value.

Debtors' valuation evidence was based upon the testimony of Esther V. Stahler who has been in real estate sales for 30 years and does appraisals. She valued the property at $7,500.00. She discounted Kizer's testimony, asserting that his comparable sales were in a neighborhood considerably nicer than that in which the subject property is located. Debtor Alice May James testified that she and her husband had been living at the premises for a num-

ber of years, perhaps as many as sixteen, and that they had paid $9,500.00 for the property. While debtors laid heavy emphasis on the fact that the subject property is in a flood plain, we are satisfied that this factor is not of great consequence.

We accept the testimony of Kizer for the reason that it is well supported, and debtors' expert was valuing not on the basis of fair market value, but rather of forced sale. Further, we note that the purchase price some years ago exceeds the appraisal value by debtors' witness. Real estate values commonly increase with time, and no showing has been made which would suggest that this common phenomenon was not at work here.

The objection to debtors' Motion to Avoid Boyd's Judicial Lien is sustained.

Lien is sustained.

SO ORDERED.