**In the Matter of Kenneth DIXON, Vivian Dixon, Debtors.**

**Bankruptcy No. B87–01046–Y.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 10, 1987.

Joseph C. Lucci, Youngstown, Ohio, for Trustee.

Joan Allyn Kodish, UAW–GM Legal Services Plan, Youngstown, Ohio, for debtors.

Richard C. Kenney, Jr., Weltman, Weinberg & Associates Co., L.P.A., Cleveland, Ohio, for Ford Motor Credit Co.

### MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

On August 21, 1987, the Debtors filed a joint Petition for Reorganization under Chapter 13 of the Bankruptcy Code. In their Petition, the Debtors stated that their residence, located at 333 Alameda Avenue, Youngstown, Ohio, was jointly owned. The first mortgage on the property, owed to SOCIETY BANK OF EASTERN OHIO, N.A., ("SOCIETY") is Twenty–Eight Thousand & 00/100 Dollars ($28,000.00). A judgment lien is held by FORD MOTOR CREDIT COMPANY ("FORD") in the amount of Three Thousand, Eight Hundred Seventy–Eight & 69/100 Dollars ($3,878.69). It has been stipulated that the fair market value of the encumbered property is Thirty–Two Thousand & 00/100 Dollars ($32,000.00). On September 11, 1987, the Debtors filed a Motion to avoid the lien held by FORD on their residential property, claiming that the lien impaired their joint homestead exemption of Ten Thousand & 00/100 Dollars ($10,000.00). FORD filed an objection to the Motion on September 28, 1987, and a hearing on the Motion was held on October 1, 1987. Post-hearing briefs were submitted by the close of business on November 2, 1987.

### LAW

11 U.S.C. Sec. 522(f)(1) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this Section, if such lien is—

(1) a judicial lien....

This passage prescribes three requirements which must be fulfilled before a debtor may avoid a judicial lien under this Section.

(1) The lien must be a judicial lien; and

(2) The debtor must have an interest in the property; and

(3) The lien must impair an exemption to which the Debtor would otherwise be entitled.

11 U.S.C. Sec. 101(30) defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or pleading." FORD obtained a deficiency judgment against the Debtors as a result of the repossession and sale of the Debtors' automobile. Thus, there is no question that FORD holds a judicial lien

against the Debtor. Furthermore, while there is some controversy revolving around whether the term "debtor's interest" implies a requirement that debtor have equity in the subject property, that is not a relevant concern in this case. It is evident from the values to which the parties have stipulated that the Debtors enjoy a Four Thousand & 00/100 Dollar ($4,000.00) equity in their residence. Therefore, this Court only needs to focus on the remaining issue regarding impairment of the Debtors' exemption.

To determine whether the Debtors' exemption is impaired by a creditor's judicial lien, two considerations must be evaluated. The Debtors initially must show they are entitled to an exemption. If successful, the Debtors then must show actual impairment. Therefore, the initial question is whether the Debtor qualifies for an exemption under subsection (b). That subsection delineates the exemptions to which the Debtors are entitled. This subsection reads, in pertinent part:

(b) ... An individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this Section [the federal exemptions], unless the state law ... specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under ... state or local law....

Under this subsection, a debtor is permitted to apply either the federal or the state exemptions, unless state law provides otherwise. The state could choose to opt out of the federal exemptions contained in Sec. 522(d) and restrict its residents to those exemptions provided under state law. In Ohio Revised Code Ann., Sec. 2329.662, (Anderson 1981 & Supp.1986) (hereinafter "O.R.C.A.".), Ohio chose to exercise its option and proscribed its domiciliaries from using the federal exemptions contained in Sec. 522(d). Consequently, an Ohio debtor is restricted to the state exemptions afford-

ed by state law. These exemptions are enumerated in O.R.C.A., Sec. 2329.66(A).

One of the most important exemptions is found in O.R.C.A., Sec. 2329.66(A)(1) which allows each debtor to claim a homestead exemption of Five Thousand & 00/100 Dollars ($5,000.00) on one parcel of real property. It provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) the person's interest, not to exceed Five Thousand & 00/100 Dollars ($5,000.00), in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

FORD contends that this exemption is available only in the face of execution, garnishment, attachment, or judicial sale. The leading case to endorse this position was *In re Peck*, 55 B.R. 752 (N.D.Ohio 1985). In that case, the Court held that O.R.C.A., Sec. 2329.66(A), specified an exemption was impaired only upon an involuntary disposition of the debtor's property. Thus, the Court reasoned, a Chapter 13 debtor was not entitled to any exemptions in the absence of execution, garnishment, attachment or involuntary sale. While questioning the underlying analysis in *Peck*, several subsequent court decisions have limited *Peck* by ruling that Chapter 7 debtors can avail themselves of the exemptions since the filing of a Chapter 7 Petition places all of the debtor's non-exempt property subject to sale to satisfy the debts of the estate. *In re Brown*, No. 84–00840–Y, slip op. at 4 (Bankr.N.D.Ohio, 1985), *aff'd.* 81 B.R. 432 (N.D.Ohio 1985), *In re Stiger*, 56 B.R. 81, 83–4 (Bankr.N.D. Ohio 1985). Likewise, this Court has elected to follow the District Court decision in *In re Brown* in Chapter 7 cases believing that *Brown* better reflects the intentions of Congress, the rehabilitative policies of the Bankruptcy Code, and Ohio law than does *Peck*. In the present case, a Chapter 13 debtor has petitioned the Court for avoidance of the judicial lien held by FORD. This action has prompted this Court to un-

dertake an assessment of Ohio law concerning the availability of exemptions to Ohio debtors in the absence of an involuntary disposition.[1]

At the outset, the dispositive nature of state law should be noted. The Bankruptcy Code in 11 U.S.C. Sec. 522(b)(2)(A) demands that state law be applied when it has opted out of the federal exemptions. Moreover, although not dispositive on the issue at hand, the Sixth Circuit's decisions in *In re Pine*, 717 F.2d 281 (6th Cir.1983), *cert. denied* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), and *In re Spears*, 744 F.2d 1225 (6th Cir.1984), indicate the determinative nature which construction of state law should play in delineating the scope of state exemptions for debtors. Indeed, the decision in *Peck* depended upon a narrow construction of O.R.C.A., Sec. 2329.66(A). It is almost axiomatic that a federal court will defer to the judgment of state courts concerning an interpretation of state law in an area of state concern. *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1323 (6th Cir.1972). Because of a study of Ohio law, this Court respectfully declines to follow the District Court's decision in *Peck* because it is persuaded that *Peck* mischaracterized Ohio law.

In the first place, Ohio law requires that state exemption statutes be interpreted beneficially for the debtor. In *Hart & Co. v. Cole*, 73 Ohio St. 267, 76 N.E. 940 (1906), the Ohio Supreme Court said: "It is the well-settled rule in Ohio that the homestead and exemption laws of this state are to be liberally construed in favor of the claimant." *Id.* 76 N.E. at 942. The same sentiment was revealed recently in an opinion announcing the decision of the Seventh District Court of Appeals of Ohio when they quoted language from 45 O.Jur.3d 17, which reads:

It is uniformly held that since the right to exemption is a valuable right, grounded on humane public policy principles, statutes granting exemptions should be liberally construed, and the right to exemption should not be defeated by a mere technicality. In applying the rule of liberal construction, all reasonable doubts should be resolved in favor of the applicability of the statute to the particular case.

*Mike v. Rendono*, No. 84–CA–672, slip op. at 5 (7th Dist.Ct.App. Aug. 5, 1985).

The District Court in *Peck* considered the language in O.R.C.A., Sec. 2329.66(A) to be clear and unambiguous. However, Ohio courts apparently have considered the language in this passage as being descriptive or directory and have refused to find that the statutory language limits the availability of state exemptions as the *Peck* court found. In *State Savings & Loan Co. v. Parker*, No. 11–162, slip op. at 3 (11th Dist.Ct.App. Nov. 11, 1986) [Available on WESTLAW, OH–CS database], the Court found the appellant was entitled to a homestead exemption without requiring an involuntary disposition of the property as the *Peck* court had demanded. While the mortgagee had initiated foreclosure action in *Parker*, all parties, including the appellant, had agreed to the sale. *Id.* In *Daugherty v. Central Trust Co.*, No. CA–6747 (5th Dist.Ct.App. Jan. 27, 1986) [Available on WESTLAW, OH–CS database], the court ruled the appellee was entitled to an exemption under O.R.C.A., Sec. 2329.-66(A)(13), despite the fact that the bank had failed to commence judicial procedures (i.e., garnishment, attachment, or sale) against the appellee for collection of its judgment. The bank's argument in *Daugherty* is very similar to the position FORD has taken in this case. The bank contended that the debtor could not claim an exemption because the bank's act of setoff did not trigger the exemption stat-

---

**1.** Because of our opinion in this decision, we find it unnecessary to decide whether the *Brown* rationale might apply in this case. The Debtor has argued that non-exempt secured property is subject to sale by the Trustee, with the proceeds used to fund the Plan, to the extent the value of the property exceeds the liens against it. The

Debtor argues that 11 U.S.C. Sec. 1325(a)(5) demands denial of confirmation if unsecured claims are allocated a value less than the value the claims would have received in a Chapter 7 liquidation. The Court intimates no judgment on the Debtors' reasoning.

ute, as distinguished from execution, garnishment or attachment. The Ohio Court of Appeals summarily rejected the distinction.

Furthermore, these Ohio appellate decisions are consistent with the construction of similar language in a prior statute by the United States District Court in *In re Hewitt*, 15 Ohio L.Rptr. 457 (N.D.Ohio 1917). In that case, the Court dealt with a predecessor statute of O.R.C.A., Sec. 2329.-66, which was Ohio General Code, Sec. 11730, which employed similar language to that language presently under consideration. Sec. 11730 provided that "a husband answering the description of a person entitled to a homestead may hold exempt from sale on judgment or order a family homestead not exceeding One Thousand & 00/100 Dollars ($1,000.00) in value." *Noted in id.* at 460. Although this statute appears to restrict use of the homestead exemption to situations in which a creditor obtained a court judgment or order for sale, the court found otherwise. The court wrote:

> It does not seem to me that the protection accorded by the law and claimed by the debtor can be made to depend on the willingness or unwillingness of the mortgagees, or of the trustee in bankruptcy, to exercise their legal right.... An examination of these [Ohio Supreme Court] decisions will show that in every case of a general assignment not containing an express waiver of exemptions, the Supreme Court of Ohio has saved to the debtor the full amount of his homestead exemption. It has done this regardless of whether the claim is made before or after the sale, or whether made informally or with technical exactness.

*Id.* at 461, 463.

■ Finally, the *Peck* decision is contrary to the principle of statutory construction that the expression of one thing is the exclusion of another (expressio unius est exclusio alterius), commonly accepted throughout American jurisprudence. The Ohio Supreme Court recently indicated its acceptance of the principle in *Montgomery Cty. Bd. of Commrs. v. Public Util.*

*Comm.*, 28 Ohio St.3d 171, 175, 503 N.E.2d 167, 170 (1986). O.R.C.A. Sec. 2329.661 explicitly lists those claims to which exemptions will not apply. Since judicial liens are not specifically included in the list of excepted liens, judicial liens must necessarily be included within those liens against which exemptions may apply. Thus, it appears that Ohio courts have expanded the applicability of Ohio exemptions beyond that which is initially perceived in a reading of the statutory language.

In *In re Spears*, 744 F.2d 1225 (6th Cir. 1984), the Sixth Circuit refused to allow the avoidance of a nonpossessory, nonpurchase-money security interest in the debtor's household goods. The *Spears* court wrote that "[u]nder Ohio law, a debtor may exempt only an interest in property that is not subject to any third party liens." Ohio Rev.Code Ann. Secs. 2329.66, 2329.661 (Page 1981) (sic). However, the District Court limited this language in *Spears* to household goods when it wrote in *Buroker v. Raybourn*, 61 B.R. 10 (S.D.Ohio 1986):

> This Court is compelled to note that, whatever the breadth of the language of *Spears*, the position of the Sixth Circuit is that Ohio law controls the availability of exemption rights. Ohio Rev.Code Sec. 2329.66(A) and (C) set forth a list of property which may, on certain conditions and up to certain dollar limits, be exempted. Ohio Rev.Code Sec. 2329.661 in turn sets forth those third party liens which preclude application of Section 2329.66(A)'s exemption provisions. Scrutiny of Ohio Rev.Code Sec. 2329.661 reveals that judicial liens of the nature at issue herein are not enumerated among those types of liens which override the exemption protections of Ohio Rev.Code Sec. 2329.66(A).... In any event, the broad language in *Spears*, while accurate for purposes of the liens on household goods in that case, does not appear to accurately represent the impact of the judicial liens herein upon exempted property under Ohio law.

■ Even if the Debtors are generally entitled to use of the exemptions under state law, the judicial liens must impair a

specific exemption which the Debtors are claiming. FORD argues that since an exemption always takes precedence over a judgment lien, there is no impairment of the Debtors' exemption. In support of this proposition, FORD refers to four cases. The Court fails to see how two of the cases sustain FORD's reasoning. In fact, both *In re Morelock*, 35 B.R. 518 (Bankr.N.D. Ohio 1983) and *In re Schmidt*, 36 B.R. 144 (Bankr.N.D.Ohio 1983), allow the debtors to claim exemptions in derogation of FORD's position. Only *In re Schwartz*, 27 B.R. 195 (Bankr.S.D.Ohio 1982) and *In re Greenhill*, 27 B.R. 197 (Bankr.S.D.Ohio 1982), both authored by Bankruptcy Judge Kelleher, support FORD's position. This Court concurs with the position taken by Bankruptcy Judge White in *In re Bland*, 56 B.R. 1 (Bankr.N.D.Ohio 1984), where Judge Kelleher's view was shown to be a minority position. *Id.* at 2. As *In re James*, 75 B.R. 124 (Bankr.S.D.Ohio 1987) revealed, impairment of a homestead exemption is established when the sum of the total mortgage indebtedness, plus the homestead exemption, equals or exceeds the value of the property. In the instant case, a mortgage indebtedness of Twenty-Eight Thousand & 00/100 Dollars ($28,-000.00), plus a Ten–Thousand & 00/100 Dollar ($10,000.00) homestead exemption, equals Thirty–Eight Thousand & 00/100 Dollars ($38,000.00), which clearly exceeds the Thirty-Two Thousand & 00/100 Dollar ($32,000.00) value of the property.

For the reasons hereinbefore set forth, FORD's Objection is overruled, and the Motion of Debtors is sustained. The judicial lien of FORD impairs Debtors' homestead exemption and is avoided upon the authority of Title 11, U.S.C. Sec. 522(f)(1).