900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. STEVENHAGEN, et al. Plaintiffs-Appellants,
v.
James J. HELMS, et al. Defendants-Appellees.
 No. 89-3636.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1990.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and JOHN FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 William and Mary Stevenhagen appeal the summary judgment against them in the amount of $39,376.09 and seek to avoid a judicial lien on their residence in this bankruptcy action.
 
 
 2
 James Helms won a judgment of $133,829.13 in an action against the Stevenhagens and Andy and Katherince Slabaugh in Ohio Summit County Common Pleas Court. The liability to Helms of the Slabaughs and the Stevenhagens stemmed from a loan that Helms had made to finance a real estate deal. When the real estate deal failed, the property that was the basis of the deal was insufficient collateral to cover the entire loan.
 
 
 3
 Helms entered into a partial settlement of the judgment with the Slabaughs, accepting assets totalling $103,000 in exchange for a total release for the Slabaughs. Because the Stevenhagens had filed for bankruptcy, Helms sought approval for the remainder of the judgment as a claim against them in bankruptcy court.
 
 
 4
 The bankruptcy court granted summary judgment on the claim for the remainer of the state court judgment, but held that the debt was dischargeable in the bankruptcy settlement. The bankruptcy court then refused to avoid the lien that Helms had filed against the Stevenhagens' home, relying on In re Peck, 55 B.R. 752 (N.D.Ohio 1985). The district court affirmed the judgments of the bankruptcy court.
 
 
 5
 Helms admits that any personal obligation of the Stevenhagens for the $39,376.09 claim was discharged by the bankruptcy proceedings. Thus, the only real issue on appeal is whether the lien on the Stevenhagens' home should have been avoided.
 
 
 6
 Whether the lien may be avoided is governed by 11 U.S.C. Sec. 522(f), which provides:
 
 
 7
 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
 
 
 8
 (1) a judicial lien; ...
 
 
 9
 Subsection (b) of section 522 has been superceded in Ohio by the state law provision, Ohio Rev.Code Sec. 2329.66. In re Peck, 55 B.R. 752 (N.D.Ohio 1985). Under Ohio Rev.Code Sec. 2329.66, a debtor may hold property exempt only from execution, garnishment, attachment, or sale to satisfy a judgment or order. Peck, 55 B.R. at 755. Cf. In re Owen, 877 F.2d 44 (11th Cir.1989) (debtor could not avoid judicial lien on homestead property where state had opted out of federal exemptions and superceding state law exemptions allowed judicial lien to be enforced).
 
 
 10
 In this case, the bankruptcy court correctly found that the Stevenhagens's home was not protected by an exemption under Ohio law. Thus, Helms's judicial lien is still enforceable under 11 U.S.C. Sec. 522(f). Although the Stevenhagens' debt to Helms has been discharged, the discharge does not affect a creditor's right to enforce liens against property of the estate. Estate of Lellock v. Prudential Ins. Co., 811 F.2d 186 (3d Cir.1987).
 
 
 11
 The Stevenhagens rely on Matter of Shields, 24 B.R. 219 (Bankr.S.D.Ohio 1982), to argue that the lien may be avoided because the property has been abandoned by the trustee and is no longer part of the estate. This reliance is unfounded because in Shields, the lien was unperfected at the time the property was abandoned. Here, there is no contention that the lien was unperfected.
 
 
 12
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation